JOAN TAIG, by Her Guardian ad Litem HENRY TAIG, et al., Appellants, *v.* STATE OF NEW YORK, Respondent. (Claim No. 33571.)

Third Department, July 15, 1963.

*Shatzkin & Cooper* (*Jerome Cooper* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Harold J. Hughes, Jr.,* and *Paxton Blair* of counsel), for respondent.

BERGAN, P. J. On October 7, 1955 the claimant Joan Taig, then 15 years old, was assaulted by Louis Sensale, then aged 13, who had been a mental patient in a State hospital and who on June 29, 1955 had been discharged from further treatment. The claim against the State is based on the theory that Sensale was mentally ill and dangerous when discharged and that he should have had further hospital care. The Court of Claims dismissed the claim.

The claim is supported by the testimony of a psychiatrist who expressed the opinion that Sensale suffered schizophrenia, paranoid type, and required further treatment at the time of his discharge.

The record shows that Sensale was admitted to Rockland State Hospital on July 30, 1953, remained there until June 2, 1954, and that he showed improvement in his condition. On the latter date he was released to convalescent or ambulant treatment at the Brooklyn After-Care Clinic, and he continued to improve for a period thereafter.

Claimant's medical witness does not seem to disagree with the judgment of hospital medical authorities to release the patient to convalescent ambulant care in June, 1954 or with the

clinic authorities to continue him for some time thereafter in such care. His opinion was, however, that from February, 1955 to June, 1955 when the patient was discharged, there were indications in the medical record that he had retrogressed and that he should not have been discharged.

The decision to release the patient from the hospital and place him on convalescent status was a medical judgment and the decision to continue him on convalescent outpatient status after February, 1955 and to discharge him in June were also matters of professional medical judgment. Although another physician might disagree as to the form and period of treatment to be followed, a liability would not arise; nor would it arise if the professional judgment to discharge him was in fact erroneous. (*St. George* v. *State of New York,* 283 App. Div. 245, affd. 308 N. Y. 681; *Warner* v. *Packer,* 139 App. Div. 207; *Pike* v. *Honsinger,* 155 N. Y. 201.)

The prediction of the future course of a mental illness is a professional judgment of high responsibility and in some instances it involves a measure of calculated risk. If a liability were imposed on the physician or the State each time the prediction of future course of mental disease was wrong, few releases would ever be made and the hope of recovery and rehabilitation of a vast number of patients would be impeded and frustrated. This is one of the medical and public risks which must be taken on balance, even though it may sometimes result in injury to the patient or others.

The judgment of the Court of Claims should be affirmed, without costs.

COON, HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Judgment affirmed, without costs.