MARY SCHREIBER et al., Respondents, v. ROBERT CESTARI, Appellant, and ARTHUR S. CARPINETO et al., Defendants.— In a medical malpractice action to recover damages for personal injuries of the plaintiff wife and medical

expenses, etc., of the plaintiff husband, defendant Robert Cestari appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County, entered March 17, 1972, as is against him and in favor of plaintiffs, upon a jury verdict of $49,300 for plaintiff Mary Schreiber and $5,300 for plaintiff Andrew Schreiber. Judgment reversed insofar as appealed from, on the law, and new trial granted as between plaintiffs and defendant Cestari on the issue of liability only, with costs to abide the event, and action severed accordingly. The appeal did not present questions of fact. The verdict as to damages is held in abeyance pending the new trial. Plaintiff Mary Schreiber (plaintiff) was admitted to the South Nassau Hospital at about 3:00 A.M. on September 19, 1965 to be delivered of her first child. Appellant, a specialist in the field of obstetrics, was engaged as the obstetrician to render all necessary services at the hospital for the delivery of the baby. After at least 12 hours of true "labor", so-called, involving more than three hours of "second stage of labor", plaintiff gave birth at about 8:15 P.M. of that day. The baby's birth was aided by manual forceps rotation rendered by appellant. Because of the transverse position of the baby in plaintiff's womb, it was necessary to deliver the baby either by Caesarean section or manual forceps rotation. Appellant concedes in his brief that there is "prima facie evidence in this case from which the jury could determine that the delay or prolongation of the treatment was a deviation from good medical practice which was causally related to the injuries sustained by the plaintiff". The injuries sustained by plaintiff consisted of a tear of the vaginal womb, bladder tear, a torn urether, a torn vagina, and a resulting urethro-vaginal fistula, which last-mentioned injury is permanent, although possibly repairable. However, appellant contends that a new trial should be granted because the trial court submitted to the jury not only plaintiff's contention that her injuries might have been caused by the facts shown prima facie from which the jury might have determined that appellant's delay of the baby's delivery during the advanced stages of labor was a deviation of good medical practice, but additionally her contentions that appellant could be cast in malpractice because appellant (1) should have delivered the baby by Caeserean section, (2) should have submitted plaintiff to X-ray pelvimetry while she was in labor and (3) incompetently performed the manual forceps delivery. In our opinion, plaintiff failed to establish prima facie malpractice on appellant's part in connection with any of the last three mentioned charges of malpractice. Since possibly the jury might have based their verdict on a finding of malpractice on appellant's part in connection with any of said three nonestablished acts of malpractice, we are constrained to grant a new trial. The evidence established, among other matters, that following proper medical practice appellant optionally might have undertaken to deliver plaintiff's baby by Caesarean section or by manual forceps rotation. Further, it was questionable whether X-ray pelvimetry was advisable and there was no competent evidence that appellant was guilty of malpractice in the manner in which he performed the manual forceps delivery. Where alternative procedures are available to a physician, any one of which is medically acceptable and proper under the circumstances, a physician cannot be held liable for malpractice when he uses one of two acceptable techniques (*Gielskie* v. *State of New York,* 10 A D 2d 471, affd. 9 N Y 2d 834). Further, where a malpractice case is submitted to a jury on several theories of liability and a general verdict is rendered, all theories must be established prima facie (*Hamilton* v. *Presbyterian Hosp. of City of N. Y.,* 25 A D 2d 431, app. dsmd. 17 N Y 2d 719). On the new trial the jury may pass on all theories of liability which plaintiff then might establish prima facie. In view of the fact that appellant does not claim

that the damages awarded to plaintiffs by the jury's verdict were excessive, it is our view that the issue of damages need not be retried and that upon the new trial the issue of liability only shall be submitted. The existing verdict as to damages shall be held in abeyance pending the new trial (*Romanelli* v. *Gordon,* 39 A D 2d 594; *La Rocco* v. *Penn Cent. Transp. Co.,* 29 N Y 2d 666). Munder, Acting P. J., Martuscello, Shapiro, Gulotta and Brennan, JJ., concur.