Constantinos Condomanolis, Appellant, v. Boiler Repair Maintenance Co., Inc., et al., Respondents.

Boiler Repair Maintenance Co., Inc., Third-Party Plaintiff, v. Julreg Hotel Corp., Doing Business as Plymouth Hotel, et al., Third-Party Defendants.

First Department, May 9, 1974.

*Jacob Newman* (*Robert H. Silk* of counsel), for appellant.

*Raymond J. MacDonnell* (*Philip Hoffer, Rose L. Hoffer* and *Peter T. Affatato* of counsel), for Boiler Repair Maintenance Co., Inc., respondent.

*John J. Ferris* for United Burner Service Inc., respondent.

*McLaughlin, Fiscella & Gervais* (*Ellen M. Barrett* of counsel), for Sinram-Marnis. Oil Company, Inc., respondent.

Nunez, J. This personal injury negligence action was dismissed at the close of plaintiff's case. The third-party cross complaints were dismissed as academic. Plaintiff was employed as a handyman or, as sometimes euphemistically described in the record, as a "maintenance engineer" by the Plymouth Hotel. There were two heating units in the hotel basement, each consisting of a boiler and an oil burner and identified as units one and two at the trial. The units were not used together simultaneously. We are concerned only with unit two. It was plaintiff's proof that the hotel management had, in early December, 1965, authorized defendant, Boiler Repair Maintenance Co. to repair and place unit two in operation. The work was done, at Boiler Repair's request, by defendant United Burner Service Inc. The unit was placed in operation on December 31, 1965, following the necessary repairs, cleaning and adjustments. It continued in operation a few days until its burner exploded on January 6, 1966, causing plaintiff's injuries.

The burners went on and off automatically. Plaintiff was standing in front of the unit when it exploded. He claims not to have touched the unit. An expert, a consulting engineer in the field of safety engineering and mechanics, testified that in his opinion the cause of the explosion was that the repair work, done a few days prior, was incompetently and improperly done. He stated his reasons for his conclusion. The trial court then announced that unless plaintiff submitted proof " that nothing intervened between the last time that those people cleaned and adjusted that boiler and the time of the explosion ", he would strike the expert's testimony and dismiss the complaint. Plaintiff testified to the repairs; the burner and boiler functioned nor-

mally for several days following the repairs. The explosion occurred without anyone doing anything to the unit and after normal operation for about one week.

Under these circumstances, the plaintiff should not be burdened with the necessity of excluding any possible interference with the unit by others. The boiler room is a place of limited access. The trial court so recognized in its remarks. Plaintiff should have been accorded the benefit of every favorable inference which could reasonably be drawn from the facts to sustain the expert's testimony and the complaint. (*Cook* v. *Rezende,* 32 N Y 2d 596, 599 [1973]; *McPartland* v. *Bitzen,* 42 A D 2d 897 [1st Dept., 1973].) In granting the motions to strike and dismiss, the court, of course, acted contrariwise and we hold that in so doing, it erred.

Upon the record in this case, plaintiff made out a prima facie case against Boiler Repair and United Burner. The jury should have been permitted to infer, circumstantially, if it so chose, that the repairs had been "improperly and incompetently" done with the resultant explosion and injury to plaintiff. Thus in *Codling* v. *Paglia* (32 N Y 2d 330, 337 [1973]) a manufacturer and retailer of an automobile, which had been driven over 4,000 miles during several months after sale, were held liable for a defect in the steering mechanism, resulting in an accident. (See, also, *Fogal* v. *Genesee Hosp.,* 41 A D 2d 468, 478 [4th Dept., 1973]; *Hunter* v. *Ford Motor Co.,* 37 A D 2d 335, 337 [3d Dept., 1971].)

We feel that there was sufficient evidence to warrant the jury passing on the fact as to whether the above-named defendants negligently performed the repairs with respect to the heating unit which exploded. Defendant-respondent Boiler Repair urges upon us that it should not be held responsible for work done by defendant United Burner. Plaintiff's claim is that both defendants repaired the unit which exploded. The record being incomplete as to the exact relationship between these two defendants and their legal responsibility, we cannot now pass upon their respective eventual liability. However, in its present state of the record, a prima facie case was made out against both.

The judgment entered in the Supreme Court, New York County, July 9, 1973 (CHIMERA, J.) dismissing the complaint as to all defendants should be modified on the law, so as to reverse as to defendants Boiler Repair Maintenance Co., Inc. and United Burner Service Inc. and so as to reinstate the third-party complaint, and otherwise affirmed without costs.

McGivern, P. J., Markewich, Capozzoli and Lane, JJ., concur.

Judgment, Supreme Court, New York County, entered on July 9, 1973, unanimously modified, on the law, so as to reverse and reinstate the complaint as to defendants Boiler Repair Maintenance Co., Inc. and United Burner Service Inc. and so as to reinstate the third-party complaint, and otherwise affirmed, without costs and without disbursements.