■ J. BELLINI, INC., Respondent, v CHATHAM ASSOCIATES, INC., et al., Respondents. PARAGON OIL COMPANY, Third-Party Plaintiff-Respondent, v TELSTAR HEATING & AIR CONDITIONING CORP., Third-Party Defendant-Appellant.—Order, Appellate Term of the Supreme Court, First Department, entered September 1, 1976, unanimously reversed, on the law, the judgments and judgments over resulting therefrom vacated, and the cause remanded to Civil Court, New York County, for trial anew, with $60 costs and disbursements of this appeal to abide the event. This is a subrogation action, the trial of which involved every conceivable party, and which terminated eventually in judgment over against third-party defendant-appellant Telstar Heating & Air Conditioning Corporation. Telstar was the maintenance contractor employed by defendant-respondent Paragon Oil Company, which had been retained by defendant-respondent landlord Chatham Associates, Inc., to provide service for the oil burner at its building wherein plaintiff-respondent tenant J. Bellini, Inc., operated a retail clothing establishment. Bellini's place of business was located immediately above the oil burner room in the building's basement. A fire originating somewhere below Bellini's floor caused severe damage to the store, and Bellini sued Chatham and Paragon, claiming negligent maintenance. There followed a series of cross claims: Chatham cross-claimed against Paragon for indemnity; Paragon cross-claimed against Chatham for indemnity and apportionment; Paragon, as third-party plaintiff, sued Telstar, its contractor, as third-party defendant; Telstar claimed over against Paragon for indemnity and apportionment; Telstar also cross-claimed against Chatham for apportionment. After trial to a jury, a verdict was returned for plaintiff against Chatham alone, exculpating the others; the court, however, directed a set of "domino" verdicts n.o.v. down the ladder of accusation: for Chatham against Paragon, and for Paragon against Telstar, also dismissing Telstar's cross claim for apportionment against Chatham. The evidence was conflicting, and some indeed incompetent. Plaintiff's expert never saw the premises until three months after the fire, by which time the room had been cleaned, the ceiling repaired, and certain inflammable rubbish described by other witnesses had been removed. He was permitted to speculate from an old oil stain on the floor that the fire had been caused by an oil leak resulting from work done by Telstar's employee. Plaintiff also called the fire officer in

charge, who, without recollection but depending on his records, said that the fire had started in the ceiling and its cause was unknown, and that, while he did not remember it, his report did reflect the presence of an accumulation of rubbish. Telstar's serviceman testified that, on a call five days before the fire, he had cleaned, checked, and adjusted the burner, that there was no leak or accumulation of oil on the floor, and that he complained about a foot-high pile of debris, boxes, paint cans, and drop cloths between the burner and the water heater. Returning a few days after the fire, he found the pile had been destroyed by fire, and that there was burned-out wire in the ceiling. There was also evidence that there had been recent painting in the premises, which were under the control of Chatham. The foregoing, particularly the conflict between the fire chief and the expert, is sufficient to demonstrate the possibility, deriving from the evidence, that the fire could have had causes other than improper maintenance of the oil burner. We are, of course, mindful of our holding in *Condomanolis v Boiler Repair Maintenance Co.* (44 AD2d 366, 368), that a "jury should [be] permitted to infer, circumstantially, if it so chose, that the repairs had been 'improperly and incompetently' done with the resultant * * * injury to plaintiff." The trial court's charge, however, precluded the jury's consideration of any cause of the fire other than faulty maintenance. The jury was instructed that, should it find a plaintiff's verdict at all, it must be on a finding that negligent repair of the burner was the cause. Other possibilities were ignored in the charge. The direction for verdicts over was based on indemnity and not on a sharing of causal responsibility. Besides the erroneous charge and the acceptance of the expert's conclusory testimony, Telstar's cross claim against Chatham for apportionment was improperly dismissed, no consideration being given to the possibility that, regardless of initial causation, damage had been aggravated by the presence of the rubbish. We recognize that the jury's verdict, ignoring both the court's instructions that liability could have been found only if based on negligent maintenance, as well as that a finding against Chatham must result in findings over against Paragon and Telstar, may well have been reflective of its belief that Chatham alone, by reason of the rubbish accumulation, bore sole causal responsibility. However, and particularly in the face of the charge to the contrary, we cannot speculate as to how the jury arrived at what may well have been the correct verdict. But a verdict so founded would not have resulted in verdicts over. The cause requires a new trial *ab initio,* with appropriate instructions and rulings. Concur—Kupferman, J. P., Lupiano, Silverman and Markewich, JJ.