■ ADRIANNE MULLIGAN, by Her Mother and Natural Guardian, DOLORES MULLIGAN, et al., Respondents-Appellants, v MELVIN SHUTER, Appellant-Respondent.—In a medical malpractice action to recover damages for (1) personal injuries, etc., on behalf of plaintiff Adrianne Mulligan, and (2) loss of services, etc., on behalf of plaintiff Dolores Mulligan, defendant appeals from a judgment of the Supreme Court, Suffolk County, entered April 12, 1978, upon a jury verdict in favor of plaintiffs, and plaintiffs purport to cross-appeal from (a) so much of said judgment as awarded damages for the pain and suffering and permanent injury of Adrianne Mulligan, and (b) so much of an order of the same court, entered April 20, 1978, as denied their cross motion to set aside so much of the jury verdict as was for the pain and suffering and permanent injury of Adrianne Mulligan. Judgment reversed, on the law and the facts, without costs or disbursements, and a new trial granted. Cross appeals dismissed, without costs or disbursements, for failure to properly perfect. Plaintiffs' expert testified that defendant had improperly used downward traction on the infant plaintiff's head in an attempt to complete delivery after one of the infant's shoulders had become impacted behind the mother's pubic arch, a condition known as shoulder dystocia. The expert further testified that this use of traction was the competent producing cause of the injury to the infant's left brachial plexus, which injury resulted in a condition known as Erb's paralysis or Erb's palsy in the infant's left arm. In response to further questioning by plaintiffs' counsel, the expert stated that he found no other divergence by defendant from accepted medical standards. Despite the limiting nature of this expert testimony, the court charged the jury that it could find in favor of plaintiffs on two theories in addition to the improper use of traction, to wit: (1) that defendant failed to give adequate consideration to the effect of the plaintiff mother's history of diabetes and the weight of her prior children on the probable size of the infant plaintiff; and (2) that the defendant failed to effect delivery by Caesarian section when such a procedure was indicated. This was error. It is a fundamental rule of malpractice actions that unless the alleged act of malpractice falls within the competence of a lay jury to evaluate, it is incumbent upon the plaintiff to present expert testimony to support the allegations of malpractice (see *530 East 89 Corp. v Unger,* 43 NY2d 776; *McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20). It is true that in the instant case there was testimony by experts, including plaintiffs', on the questions of whether defendant should have been alerted to the potential size of the infant plaintiff by certain factors in the plaintiff mother's history, and whether defendant should have effected delivery by Caesarian section. However, there was no testimony whatever linking these questions to any negligence on defendant's part. Accordingly, there was no basis upon which the jury could have found in favor of plaintiffs on these theories, and they should not have been charged by the court. Since it is not apparent from the jury's verdict upon which theory they did find in favor of plaintiffs, a new trial is necessary. We note, in addition, that were we not reversing on the above basis, we would

do so upon the ground that the verdict was contrary to the weight of the credible evidence. Titone, J. P., Lazer, Margett and Martuscello, JJ., concur.