■ DAVID BAYE, Respondent, v MICHELE S. GRINDLINGER, Appellant.—In an action upon two promissory notes, defendant appeals from (1) an order of the Supreme Court, Nassau County, dated October 3, 1979, which granted the plaintiff's motion for summary judgment; (2) a judgment of the same court entered thereon on October 12, 1979, and (3) an order of the same court, dated November 23, 1979, which denied the defendant's motion for reargument. Appeal from order dated November 23, 1979 dismissed. No appeal lies from an order denying reargument. Appeal from order dated October 3, 1979 dismissed (see Matter of Aho, 39 NY2d 241, 248). Judgment reversed, order dated October 3, 1979 vacated and plaintiff's motion for summary judgment denied. Defendant is awarded one bill of $50 costs and disbursements to cover all appeals. The plaintiff, an attorney in Massachusetts, sues on two promissory notes in the sums of $5,322.55 and $2,000, respectively, each payable on demand and at 9% per annum, executed by the defendant, his client. The notes were made and delivered by the defendant during the course of a matrimonial action brought by the defendant against her husband in Massachusetts. At the time the plaintiff was retained defendant claims to have paid him $750, and she claims to have paid him thereafter an additional $1,250. The defendant alleges that the two notes in question were executed by her at the plaintiff's demand at a time when a trial of the matrimonial action was imminent, and that she did not understand the full import of the transactions; she also alleges that the services rendered by the plaintiff were not reasonably worth the more than $7,000 for which he is suing to recover, in addition to the $2,000 already paid by her to him. The rule is well established that as to contracts made between an attorney and his client subsequent to employment which are beneficial to the attorney, it is incumbent on the attorney to show that the terms are fair and reasonable and fully known and understood by the client (Matter of Howell, 215 NY 466, 472; Matter of Schanzer, 7 AD2d 275, 278, affd 8 NY2d 972; Cohen v Ryan, 34 AD2d 789, 790; Matter of Potenza, 29 AD2d 213, 216; Matter of Vaupel, 266 App Div 723). Hence, there are triable issues as to whether the amount claimed by the plaintiff reasonably represents the value of the services rendered to the defendant, whether, under the circumstances, the defendant was unfairly put in a position by the plaintiff in the litigation pending in Massachusetts that she might be without counsel in the trial shortly to be held, and whether the defendant understood the import of the transactions with the plaintiff at the time of the making and delivery of the notes. That the contracts between the parties took the form of promissory notes does not alter the general rule imposing the burden of proof of fairness on the plaintiff. The existence of triable issues precludes the granting of summary judgment and requires a reversal. Hopkins, J. P., Mangano, O'Connor and Weinstein, JJ., concur.