**65** CECIL C. MOORE, JR., et al., Appellants-Respondents, v JEFFREY A. MAGGIO et al., Respondents-Appellants. (Action No. 1.) CECIL C. MOORE, JR., et al., Appellants, v RICHARD CAMPBELL et al., Respondents. (Action No. 2.) — Judgment unanimously affirmed, without costs. Memorandum: On October 2, 1977, plaintiff Cecil C. Moore, Jr., suffered a serious injury when the car in which he was a passenger, and which was owned and operated by defendant Rosemary Campbell, collided with a car operated by defendant Jeffrey A. Maggio and owned by defendant Antoinette Maggio. The vehicles had been traveling in opposite directions on Sweet Fern Road in Rochester and the accident occurred at a point where the highway sharply curves. It is admitted that the Maggio vehicle did not keep to the right of the double line in the road. A principal issue at trial was whether defendant Campbell was negligent in failing to avoid the collision. The jury returned a verdict in favor of plaintiffs against the defendants Maggio, and a verdict of no cause of action against defendant Rosemary Campbell. Plaintiffs and defendants Maggio appeal the no cause of action verdict, arguing that it was against the weight of the evidence and that the court erroneously admitted into evidence a prior consistent statement made by a witness called by defendant Campbell. That witness testified that prior to the accident he was operating his vehicle at a short distance to the rear of the Campbell vehicle, and that he stopped upon seeing the collision. He further testified that seconds before the impact he observed the brake lights on the Campbell car. On cross-examination by the attorney for the Maggios, the witness was confronted with a written statement of January 6, 1978 in which he said that he did not recall seeing the Campbell car brake lights prior to the impact. On redirect examination, the attorney for defendant Campbell succeeded in introducing into evidence a written statement made by the witness on November 11, 1977, in which he said that before the collision he saw the Campbell brake lights. Defendant Campbell had testified that she never applied her brakes. Since there was no claim that the witness' testimony was a recent fabrication, his statement of November 11, 1977 was inadmissible (*People v Davis,* 44 NY2d 269; *Fishman v Scheuer,* 39 NY2d 502; *Crawford v Nilan,* 289 NY 444). There is no showing, however, that the erroneously admitted evidence prejudiced the plaintiffs or the defendants Maggio. The testimony of all of the witnesses, except that of defendant Jeffrey Maggio, was generally consistent and persuasively demonstrated that defendant Campbell prudently operated her motor vehicle and that she had insufficient time to avoid the collision. We conclude, therefore, that the result would have been the same had the improperly admitted evidence been excluded, and hence reversal is not warranted (see *Palmer v Wright & Kremers,* 62 AD2d 1170; CPLR 2002; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2002:02). (Appeals from judgment of Supreme Court, Monroe County, Provenzano, J. — automobile negligence.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.