■ DANIEL J. SMITAS, Appellant, v PAUL J. RICKETT, JR., et al., Respondents. — Appeal from an order and judgment of the Supreme Court at Special Term (Hughes, J.), entered July 26, 1983 in Albany County, which, *inter alia,*

partially denied plaintiff's motion for summary judgment by declaring that plaintiff was not the owner of certain shares of stock held by defendants. ¶ Plaintiff seeks a declaration that he is the owner of shares of stock in defendant Rickett's, Inc., which were issued in the name of defendant Paul J. Rickett, Jr.; an order directing the corporation to transfer the stock and issue a new certificate to him; and a judgment in the sum of $250,000. Plaintiff was retained by Rickett, Jr., to prepare and file an individual petition in bankruptcy. On October 25, 1976, Rickett, Jr., executed and delivered an assignment of approximately 187 shares of Rickett's, Inc., stock, common or preferred, listed in his name in the corporate records, as payment for $400 in legal fees and $100 in cash paid to him by plaintiff. Plaintiff testified that the purpose of the assignment was to avoid including the stock of the family-held corporation in the bankruptcy schedules, and that he told Rickett, Jr., that he could repurchase the stock in the future. When the corporation refused plaintiff's February 8, 1978 demand to issue a new certificate and enter his name as owner on the corporate records, this action was commenced. After plaintiff's motion for summary judgment was denied on the ground that triable issues of fact existed as to whether the contract for legal services was fairly arrived at and reasonably represents the value of the services rendered, plaintiff moved for reargument. Special Term granted reargument and, in exercising the court's broad authority over attorney fee arrangements, denied specific performance of the assignment, granting instead summary judgment to plaintiff against Rickett, Jr., in the sum of $500 with interest, and, in what amounted to reverse summary judgment, adjudged plaintiff not to be the owner of the shares of stock in issue. ¶ Initially, it is necessary to determine whether it was proper to grant summary judgment, especially after Special Term originally denied the relief because it found that triable issues existed. To grant summary judgment, it must clearly appear that no material and triable issue of fact is presented. Issue finding, rather than issue determination, is the focus of the court's concern (*Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Goldstein v County of Monroe,* 77 AD2d 232, 236). If a question of fact is found to exist, the judicial function is at an end (*Barr v County of Albany,* 50 NY2d 247, 254). On plaintiff's prior motion, Special Term correctly stated that the court exercises control over fee arrangements between attorneys and their clients, as a matter of public policy (*Cohen v Ryan,* 34 AD2d 789, 790), and that the attorney has the burden of proving that the contract is fair, reasonable, and fully known and understood by the client (*Baye v Grindlinger,* 78 AD2d 690). Special Term denied the motion, finding that plaintiff had failed to sustain that burden, and that it appeared the stock could well have had a value in excess of the $500 owed to plaintiff by Rickett, Jr. Upon reargument, Special Term, utilizing its equitable power to inquire into the fairness of a contract for which specific performance is sought (*Church of God v Fourth Church,* 54 NY2d 742, 744), held it would "prevent plaintiff from reaping a windfall as the result of his client's dire straits". ¶ Even in the absence of fraud or undue influence, an agreement to pay a legal fee may be invalid if it appears that the attorney got the better of the bargain, unless he can show that the client was fully aware of the consequences and that there was no exploitation of the client's confidence in the attorney (*Greene v Greene,* 56 NY2d 86, 92). From this record, it would appear that material issues of fact exist, such as the physical, emotional and financial condition of Rickett, Jr., which might have precluded his awareness of the consequences at the time the assignment was executed; whether the stock had a value substantially in excess of $500 at that time; whether the assignment was only a type of security for ultimate payment of the fee; and whether hypothecation or transfer of the stock was restricted. All of these questions prevent the grant of summary

judgment. ¶ In so holding, we reject plaintiff's contention that Special Term was precluded from review of the arrangement under the doctrine of collateral estoppel. The rule in New York is that there are two necessary requirements for invocation of that doctrine. There must be an identity of issue necessarily decided in a prior action which is decisive of the present action, and there must have been a full and fair opportunity to contest the decision now said to be controlling (*Shanley v Callanan Inds.*, 54 NY2d 52, 55; *Schwartz v Public Administrator*, 24 NY2d 65, 71). While it may appear that Rickett's, Inc., did indeed have the opportunity to fully litigate the assignment and fee arrangement as a creditor in the bankruptcy proceedings, it is the established rule that the courts of this State retain authority and implicit control over the supervision of fee arrangements between attorney and client under the court's inherent and statutory power to regulate the practice of law (*Matter of First Nat. Bank v Brower*, 42 NY2d 471; *Federal Land Bank v Ambrosano*, 89 AD2d 730, 731; *Reisch & Klar v Sadofsky*, 78 AD2d 517, 518). ¶ We note that while it was error for Special Term to have considered Rickett, Jr.'s, affidavit in deciding the motion upon reargument, because it constituted new evidence not before it at the time of the original motion, such error becomes harmless in view of our reversal of the granting of summary judgment. ¶ Order and judgment modified, on the law, without costs, by reversing so much thereof as granted plaintiff summary judgment in the amount of $500 and declared that plaintiff was not the owner of the Rickett's, Inc.'s, stock listed in the corporate records under the name of Paul J. Rickett, Jr.; plaintiff's motion for summary judgment denied; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.

Kane, J., dissents and votes to affirm for the reasons stated in the decision of Special Term.