■ WESTMOUNT INTERNATIONAL HOTELS, INC., et al., as Assignees of Westmount International Hotels, Inc., et al., Respondents-Appellants, v SEAR-BROWN ASSOCIATES, P. C., Appellant-Respondent. — Order reversed, on the law, with costs to defendant, defendant's motion granted and complaint dismissed. Memorandum: Special Term erred in denying defendant's motion for summary judgment dismissing the complaint in this action based on alleged professional engineering malpractice. Plaintiffs allege that they retained defendant to determine whether a commercial structure they owned had adequate capacity to support the additional weight of a new ballasted roof system; that defendant performed its structural analysis using the working stress design method — a method concededly accepted in the profession — and concluded that the structure could not support a ballasted roof system and that the existing roof would have to be removed and replaced; and that thereafter plaintiffs contacted another firm which, by using a different method, concluded that the structure would support the less expensive ballasted roof system. Plaintiffs assert that defendant negligently advised them as to the building's structural capacity, failed adequately to investigate the structural problem and neglected to inform them that other methods for calculating stress existed. These allegations do not state a cause of action.

At most they state that defendant, after performing an analysis using a method accepted in the profession, committed an error in judgment which is not actionable (see *Topel v Long Is. Jewish Med. Center,* 55 NY2d 682, 684-685; *Zito v Friedman,* 77 AD2d 514, 515, app dsmd 53 NY2d 839). Moreover, defendant was not required to consider every available method or to inform plaintiffs that alternative methods existed (see, generally, *Schreiber v Cestari,* 40 AD2d 1025; *Gielskie v State of New York,* 10 AD2d 471, affd 9 NY2d 834).

In view of the substantial weight-bearing inadequacy as revealed by the working stress design method, we think, contrary to the position taken by the dissenters, that it was altogether reasonable for the defendant not to conduct a destructive investigation. Defendant's report clearly indicated the basis for its working stress design method analysis and that no destructive investigation had been conducted. In any event, whether to rely upon the working stress design method without a destructive analysis is a matter of professional judgment which cannot be the basis for a claim in malpractice. Moreover, it appears from the reports submitted by plaintiffs' engineers that if a destructive investigation had been conducted prior to the working stress analysis the results of the test would still indicate that the structural strength was inadequate to support a ballasted roof. The court properly denied plaintiffs' cross motion for summary judgment.

All concur, except Doerr and Denman, JJ., who dissent and vote to affirm in the following memorandum.

Doerr and Denman, JJ. (dissenting). We agree that defendant's use of the "Working Stress Design Method" instead of the "Ultimate Strength Design Method" in preparing an analysis of the physical condition of plaintiffs' hotel structure does not constitute engineering malpractice. Nor does the failure to utilize both methods of analysis in preparing its report constitute negligence. Both are acceptable methods of analyzing structural capacity under the New York State Building Construction Code.

We disagree, however, with the majority's conclusion that plaintiffs have not raised a triable issue of fact as to defendant's duty to inform plaintiffs that a destructive investigation would be necessary before it could determine whether the alternative analytical method would be advisable. Sear-Brown had an ongoing consulting relationship with plaintiffs in the course of which it alerted plaintiffs to a discrepancy between its visual observations and the results of its mathematical analysis, which was based solely on design drawings. Defendant suggested to plaintiffs that the discrepancy might be due to safety factors built

into the working stress design method or to the possible addition of structural steel during the original construction, which was not readily discernable from an examination of the design drawings available at the time of its inspection of the structure. Under these circumstances, the opinion of plaintiffs' expert that Sear-Brown had an obligation to inform plaintiffs that if a destructive investigation were done, it could reveal the need of an alternative method of analysis which might prove the structure sound and capable of supporting a ballasted roof, raises a triable issue of fact as to whether a reasonable engineer, in accordance with professional standards, should have informed plaintiffs of this potential before recommending complete removal of the existing roof. (Appeals from order of Supreme Court, Monroe County, Siracuse, J. — summary judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and O'Donnell, JJ.