OPINION OF THE COURT
Memorandum.
The order of the Appellate Division dismissing the complaint should be reversed, with costs, and the order of Special Term denying both parties’ motions for summary judgment should be reinstated.
The action is for engineering malpractice in that defendant, retained to advise plaintiffs whether a new ballasted roof could be installed on their hotel, advised plaintiffs that such a roof would not meet requirements of the New York State Building Construction Code and should not be installed. The malpractice alleged is that defendant used but one of two methods of analysis permissible under the Code and failed to inform plaintiffs of the existence of the second. Defendant moved for summary judgment, arguing that a professional does not commit malpractice where he chooses among acceptable alternatives (Schreiber v Cestari, 40 AD2d 1025, 1026; Gielskie v State of New York, 10 AD2d 471, affd 9 NY2d 834; see generally, Topel v Long Is. Jewish Med. Center, 55 NY2d 682). The difficulty with the argument is that its motion papers nowhere state whether its agreement with plaintiffs was written or oral or what the agreement required it to do. If defendant was hired to give its professional judgment as to whether a ballasted roof should be installed, its decision to use the test it considered best and not to inform plaintiffs of any alternatives would not be actionable under the professional judgment rule. But if defendant was hired to determine whether a ballasted roof could be installed under the Code, they would be required under the terms of the contract to inform plaintiffs of the alternative method of analysis which was more likely to produce a favorable finding (cf. Fund of Funds v Andersen & Co., 545 F Supp 1314, 1376). Having moved for summary judgment but failing to tender evidentiary proof in admissible form establishing what its contract with plaintiffs was, defendant was not entitled to summary judgment (Hayes v Riccardi, 97 AD2d 954; see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
*620 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and order of Supreme Court, Monroe County, reinstated in a memorandum.