■ EDWARD D. WILSON, Appellant, v STATE OF NEW YORK, Respondent.—In a claim to recover damages for personal injuries, claimant appeals from a judgment of the Court of Claims (Silverman, J.), dated April 4, 1984, which dismissed his claim after a trial.

Judgment affirmed, without costs or disbursements.

On or about February 11, 1981, claimant was admitted to a locked ward at the South Beach Psychiatric Center and placed under constant observation after he attempted to commit suicide by consuming an overdose of antidepressant medication. Claimant, then approximately 21 years of age, had been treated at the center on several occasions in the past after other attempts to take his life. Some weeks later, claimant's treatment team, which included a psychiatrist, a psychiatric social worker and several mental health assistants, determined that claimant should be transferred to an open living unit and granted him "grounds privileges" as part of a treatment plan designed to restore and strengthen his self-esteem and confidence. On the evening of April 8, 1981, claimant left the hospital grounds without permission and once again attempted to commit suicide, this time by throwing himself in

front of a train. His claim against the State for the resulting injuries was dismissed after a trial. We affirm.

Claimant's allegation of negligence against the State lies in the determination to grant him grounds privileges, a decision which he argues was medically unsound in light of his psychiatric record. At trial, claimant's expert witness testified that he would classify the claimant as a very high risk for suicide, and that it was dangerous to award such a patient grounds privileges. The expert also voiced disagreement with the psychiatric center's choice to assign the claimant to a female therapist, as well as the failure to involve his parents more directly in the treatment program.

It is well established that doctors, or the State that employs them, cannot be held responsible for damages resulting from honest errors in professional judgment (*St. George v State of New York*, 283 App Div 245, *affd* 308 NY 681). Thus, in order for liability to ensue in the instant case, it must be shown that the decision to grant the claimant grounds privileges was "something less than a professional medical determination" (*Bell v New York City Health & Hosps. Corp.*, 90 AD2d 270, 282). He cannot prevail merely by showing that another physician would have recommended another form of treatment (*see, Fiederlein v City of New York Health & Hosps. Corp.*, 80 AD2d 821, *affd* 56 NY2d 573; *Centeno v City of New York*, 48 AD2d 812, *affd* 40 NY2d 932).

The record contains no evidence that the conclusion reached at the South Beach Psychiatric Center to the effect that the claimant was no longer suicidal was improperly arrived at (*see, Centeno v City of New York*, 48 AD2d 812, 813, *supra*). Unfortunately, the prediction of the future course of a mental illness sometimes involves "a measure of calculated risk" (*Taig v State of New York*, 19 AD2d 182, 183). Nor can we consider as negligent the failure of the hospital to obtain the entire medical record of the claimant's stay at another mental health institution. The center possessed sufficient medical information on the claimant's condition through the records of its prior years of periodic treatment of the claimant. Brown, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.