■ ESTHER EGAN, Appellant, v STEVEN H. BRADLEY et al., Defendants, and L.P.S. AUTO REPAIRS, INC., Respondent.—In an automobile negligence action to recover damages for personal injuries, plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Robbins, J.), entered June 8, 1984, as, upon a jury verdict after a trial on the issue of liability only, dismissed her complaint against the defendant L.P.S. Auto Repairs, Inc.

Judgment reversed, insofar as appealed from, on the law and in the exercise of discretion, and a new trial granted against the defendant L.P.S. Auto Repairs, Inc. on the issue of liability, with costs to abide the event.

Plaintiff was seriously injured in an automobile collision when a 1969 Cadillac automobile driven by defendant Steven Bradley (hereinafter Bradley) failed to stop at a red light. The accident occurred approximately 61 hours and less than 100 miles after defendant L.P.S. Auto Repairs, Inc. (hereinafter LPS) performed very extensive repairs on the brakes of the Cadillac. That automobile was disposed of before the plaintiff had an opportunity to have it examined. Consequently, the plaintiff attempted to prove her case by calling Bradley and the president of LPS, Leslie P. Stein (hereinafter Stein), as witnesses. Their testimony conflicted in certain key respects with each witness's version of the events tending to exculpate himself and inculpate the other. Stein was permitted to state his opinion, based on his postaccident inspection of the car driven by Bradley, that a three-to-four-inch bending of the chassis on impact caused a rubber brake hose near the right front wheel of the car to rupture. Bradley claimed that the accident occurred because his brakes failed prior to impact and that his postaccident examination revealed a broken brake hose near the left front wheel. The trial court subsequently excluded testimony by the plaintiff's expert witness, who was highly qualified on the subject of Cadillacs, to the effect that a bending of three to four inches would be insufficient to use up all the free play and snap a properly installed brake hose, but that at least 12 inches of chassis movement would be necessary to do so. The court later denied plaintiff's request to charge that negligence on the part of LPS could be inferred on these facts and charged with regard to LPS that the jury could find it was negligent only if it found that the plaintiff had "proven her specific allegations, namely, that there was a failure to inspect the hose and that said failure to inspect and/or replace the hose was a competent producing cause of this accident" and that it could not infer negligence

on the part of LPS from the "mere fact that an accident happened". The jury returned a verdict against Bradley but exonerated LPS of liability. This appeal followed.

We hold that it was an improvident exercise of discretion to exclude the above-described testimony of plaintiff's expert. He was highly qualified to give the opinion and Stein's earlier testimony regarding his observations of the chassis after the accident provided a sufficient foundation therefor (see, Condomanolis v Boiler Repair Maintenance Co., 44 AD2d 366, 368). The error cannot be regarded as harmless since, without the excluded opinion testimony, Stein's was the only testimony relating to the key issue of what caused the hose to break.

It was also error to affirmatively charge that no inference of LPS' negligence was permissible on these facts (see, Jackson v Melvey, 56 AD2d 836). A charge that plaintiff cannot recover unless the jury finds that a specific fact occurred is correct only if there is insufficient evidence to establish liability absent a finding that such particular fact occurred (see, 1 NY PJI2d 84). Bracken, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.