■ EDWARD E. FALLON, Appellant, v PAUL J. LOREE et al., Respondents. (Appeal No. 1.)—Judgment unanimously affirmed without costs. Memorandum: Plaintiff appeals from a judgment entered upon a jury verdict in favor of defendant in a medical malpractice action. He also appeals from an order denying his motion to compel the panel members to sign the formal written recommendation report. In the first appeal, plaintiff claims that the verdict was contrary to the weight of the evidence and that the court erred in disallowing for impeachment plaintiff's use of defendant's prior testimony before the Committee for Professional Conduct. In the second appeal, plaintiff claims that the initial panel report containing a unanimous finding of liability against the defendant should have been signed, notwithstanding a change of vote by the physician panelist two days after the panel convened. None of these claims requires a reversal.

Plaintiff contends that defendant failed to diagnose timely his diabetic retinopathy and performed needless cataract surgery on his left eye. Plaintiff argues that had defendant used an indirect rather than a direct ophthalmoscope, defendant would properly have attributed plaintiff's loss of vision to diabetic retinopathy rather than cataracts. Plaintiff asserts that defendant should not have performed the cataract surgery which rendered plaintiff legally blind. Defendant testified that he did not believe an indirect ophthalmoscope would have given him a better view of plaintiff's eyes. Defendant's expert testified that 30 to 40% of the ophthalmologists in the community did not routinely use an indirect ophthalmoscope, that an indirect ophthalmoscope would be used only when a patient's physical symptoms or medical records aroused a suspicion of peripheral retinal disease, and that he could not find any basis for such a suspicion in this case. Where alternative procedures are available to a physician, any one of which is medically acceptable, a physician cannot be held liable for malpractice when he uses one of several acceptable techniques *(Centeno v City of New York,* 48 AD2d 812, *affd* 40 NY2d 932; *Schreiber v Cestari,* 40 AD2d 1025, 1026; *Cameron v State of New York,* 37 AD2d 46, *affd* 30 NY2d 596; *Taig v State of New York,* 19 AD2d 182). Thus, on the basis of the expert testimony, the plaintiff's medical history and the state of the medical knowledge regarding the use of direct and indirect ophthalmoscopes in 1977 and 1978, the jury could have found

that defendant's failure to use an indirect ophthalmoscope was a permissible exercise of medical judgment and not a departure from then accepted medical practice *(Johnson v Yeshiva Univ.,* 42 NY2d 818, 820; *Pike v Honsinger,* 155 NY 201). We have considered plaintiff's remaining contentions on his claim that the verdict was contrary to the weight of the evidence and find that none has merit.

The trial court erred in refusing to permit the proposed impeachment testimony on the ground that it was prohibited by section 230 (9) of the Public Health Law. This statute proscribes only discovery of testimony before a Committee for Professional Conduct. Since plaintiff's counsel was aware of defendant's prior testimony by virtue of his representation of another physician charged with misconduct, plaintiff was not seeking to discover the testimony, but rather to impeach defendant with it regarding his views of when use of an indirect ophthalmoscope and the performance of cataract surgery were proper. Although this impeachment testimony should have been allowed (CPLR 4514), the court's error does not require a reversal of the judgment because had it been admitted it is most likely that it would not have had a substantial influence upon the verdict *(see,* CPLR 2002; *Walker v State of New York,* 111 AD2d 164, 165; *Moore v Maggio,* 96 AD2d 738).

Special Term properly denied plaintiff's motion to require the panel members to sign the medical malpractice panel hearing report. A report was signed only by the judicial member of the panel. Although we do not condone the practice of a panel member changing a vote once the panel disbands, we recognize that the statute does not provide a time limit within which an "appropriate order shall be entered" (Judiciary Law § 148-a [7]). Moreover, on this record, there is no evidence that the physician panelist changed his vote based upon undue influence or evidence outside the hearing record *(Virgo v Bonavilla,* 71 AD2d 1051, *affd* 49 NY2d 982; *cf., Felner v Shapiro,* 94 AD2d 317; *Seabrook v Good Samaritan Hosp.,* 75 AD2d 849; *De Camp v Good Samaritan Hosp.,* 66 AD2d 766, 768). Thus, since there was never a "formal written recommendation * * * signed by the panel members" (Judiciary Law § 148-a [8]), plaintiff's motion was properly denied. (Appeal from judgment of Supreme Court, Erie County, Gossel, J.—medical malpractice.) Present—Dillon, P. J., Callahan, Doerr, Green and Balio, JJ.