■ PAMELA C. MOHAN, Individually and as Administratrix of the Estate of WILLIAM J. MOHAN, JR., Deceased, and as Parent and Natural Guardian of MONICA MOHAN and Others, Infants, Respondent, v WESTCHESTER COUNTY MEDICAL CENTER et al., Appellants.—In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Marbach, J.), entered October 28, 1987, which denied their motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment is granted.

In July 1983 Frank Mohan was involuntarily admitted to the defendant Westchester County Medical Center in consequence of his having created a disturbance in a public place and having displayed bizarre behavior. Subsequent to his release following a one-month confinement, Mohan killed one of his brothers, who is the plaintiff's husband, and seriously injured another of his brothers and two policemen. The plaintiff alleges that the defendants committed malpractice due, *inter alia,* to the alleged negligent release of Frank Mohan by the Westchester County Medical Center and the alleged negligent failure to readmit him.

It is well established that doctors or a governmental subdivision of the State that employs them cannot be held responsible for damages resulting from the actions of a psychiatric patient who has been released when the patient's release is a matter of professional judgment (see, *Schrempf v State of New York,* 66 NY2d 289, 296-297; *St. George v State of New York,* 283 App Div 245, 248, *affd* 308 NY 681, *rearg denied* 4 NY2d

960; *Krapivka v Maimonides Med. Center,* 119 AD2d 801, 802; *Wilson v State of New York,* 112 AD2d 366, 367). In order for liability to ensue, it must be shown that the decision to release the patient was "something less than a professional medical determination" *(Bell v New York City Health & Hosps. Corp.,* 90 AD2d 270, 282; *see also, McDonnell v County of Nassau,* 140 AD2d 500, *lv denied* 72 NY2d 807). Evidence of a difference of opinion among experts does not provide an adequate basis for a prima facie case of malpractice *(Centeno v City of New York,* 48 AD2d 812, 813, *affd* 40 NY2d 932; *Wilson v State of New York, supra).*

In the instant case, there is no evidence that the decision to release Mohan was something less than a professional medical determination. The plaintiff's expert conceded that the patient's hospital records reveal the persistence of delusions notwithstanding efforts at treatment. In the face of such recorded entries, the expert concluded that the hospital staff failed to consider the persistence of the patient's paranoid delusion system prior to authorizing his release. Apart from the expert's conclusory assertion, the record contains no evidence of such a failure. Stated succinctly, the conclusory allegations of the plaintiff's expert were insufficient to create a material and triable issue of fact *(see, Smitas v Rickett,* 102 AD2d 928, 929) with respect to the decision to release Frank Mohan.

Nor can the plaintiff's claims concerning the postdischarge period survive judicial scrutiny. By the plaintiff's own admission, she was unaware of the patient's whereabouts subsequent to his release. Moreover, the Crisis Intervention Center lacked the ability to search for former patients. Under the circumstances, the Supreme Court erred in denying the defendants' motion for summary judgment. Thompson, J. P., Brown and Weinstein, JJ., concur.

Harwood, J., dissents and votes to affirm the order appealed from with the following memorandum: I agree with the majority that plaintiff's claims concerning the postdischarge period provide no basis for imposition of liability on the defendants. However, given the court's function on a motion for summary judgment *(see, Smitas v Rickett,* 102 AD2d 928), I do not agree that, as a matter of law, the defendants cannot be liable to plaintiff as a result of the original decision to release Mohan. The record indicates, *inter alia,* that, prior to discharge, Mohan's delusions persisted, that family members advised the hospital staff that Mohan continued to make threats against his girlfriend, that Mohan was preoccupied with his release,

that he was fearful of the medication that would keep him calm, and that he expressed a negative attitude toward continuing the medication on discharge. In my view, plaintiff has done more than merely demonstrate that another physician would not have authorized Mohan's release and that, therefore, the decision to do so constituted nothing more than a mere error of professional judgment made after careful analysis (see, Wilson v State of New York, 112 AD2d 366, 367). The record, including the affidavit of the plaintiff's expert, raises a factual question as to whether the decision to release Mohan was consistent with accepted standards of psychiatric practice (cf., Schrempf v State of New York, 66 NY2d 289). That question should be determined by a trier of fact.