■ JAMES J. DIXON, Appellant, v ST. FRANCIS HOSPITAL et al., Defendants, and FERDINAND ANDERSON, Respondent.—Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered November 27, 1990 in Dutchess County, which granted defendant Ferdinand Anderson's motion for summary judgment dismissing the complaint against him.

Plaintiff contends that defendant Ferdinand Anderson was guilty of medical malpractice in failing to properly diagnose and treat his left wrist. On this appeal, plaintiff argues that Supreme Court erred in granting Anderson's motion for summary judgment. We disagree. In support of his motion, Anderson submitted the emergency room record of plaintiff's visit which indicated that plaintiff was advised to follow up with orthopedic treatment and that he refused a wrist ace bandage. In addition, Anderson submitted an affidavit of an orthopedic surgeon stating that Anderson followed accepted medical standards in treating plaintiff. In opposition, plaintiff submitted an affidavit of a physician who stated that Anderson departed from accepted medical practice by failing to refer plaintiff to an orthopedic surgeon. As Supreme Court noted, however, the hospital record shows that such a referral was made and in his examination before trial plaintiff admitted that he signed and read the document. Under these circumstances, and given that general allegations of medical malpractice which are conclusory and unsupported by competent evidence are insufficient to defeat a defendant physician's motion for summary judgment *(Burt v Lenox Hill Hosp.,* 141 AD2d 378), Supreme Court's decision to grant the motion should be upheld *(cf., Mohan v Westchester County Med. Center,* 145 AD2d 474). Furthermore, plaintiff offered no support for his assertion that

the instructions were not on the hospital record when he signed it and he admitted that he was given a copy to take with him.

Mikoll, J. P., Mercure, Crew III and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.