In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) so much of an order of the Supreme Court, Queens County (Weiss, J), dated June 14, 2002, as granted those branches of the separate motions of the defendants Joseph Blanco and TLC The Laser Center (Northeast), Inc., which were for summary judgment dismissing the cause of action sounding in medical malpractice, and (2) an order of the same court dated August 19, 2002, which denied the plaintiffs motion, denominated as one for leave to renew and reargue, but which in fact was for leave to reargue, and the defendants separately cross-appeal, as limited by their briefs, from so much of the order dated June 14, 2002, as denied those branches of their separate motions which were for summary judgment dismissing the cause of action sounding in lack of informed consent.
Ordered that the appeal from the order dated August 19, 2002, is dismissed; and it is further,
*507 Ordered that the order dated June 14, 2002, is affirmed insofar as appealed from; and it is further,
Ordered that the order dated June 14, 2002, is reversed insofar as cross-appealed from, and those branches of the separate motions of the defendants Joseph Blanco and TLC The Laser Center (Northeast), Inc., which were for summary judgment dismissing the cause of action sounding in lack of informed consent are granted; and it is further,
Ordered that one bill of costs is awarded to the defendants.
The plaintiffs motion, denominated as one for leave to renew and reargue, was in fact a motion for leave to reargue (see CPLR 2221 [d] [2]), the denial of which is not appealable (see Sabetfard v Smith, 306 AD2d 265, 266 [2003]).
The defendants made a prima facie showing of entitlement to judgment as a matter of law on the cause of action sounding in medical malpractice, tendering sufficient evidence to demonstrate the absence of any material issue of fact. In opposition, the plaintiffs submissions were insufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Mendez v City of New York, 295 AD2d 487 [2002]). The plaintiff failed to establish that the defendant Dr. Blanco’s choice of the Photorefractive Keratectomy (PRK) procedure over the Laser In-Situ Keratomileusis (LASIK) procedure was the proximate cause of the corneal infections which she sustained, or that such infections could have been prevented with the use of another prophylactic antibiotic (see Nestorowich v Ricotta, 97 NY2d 393, 398-400 [2002]; Lyons v McCauley, 252 AD2d 516, 517 [1998]; Fallon v Loree, 136 AD2d 956 [1988]; Schreiber v Cestari, 40 AD2d 1025, 1026 [1972]).
Given that the plaintiff cannot establish proximate cause, the defendants were also entitled to summary judgment on the cause of action sounding in lack of informed consent (see Public Health Law § 2805-d [1], [3]; Mondo v Ellstein, 302 AD2d 437, 438 [2003]; Spano v Bertocci, 299 AD2d 335, 337-338 [2002]; Bernard v Block, 176 AD2d 843, 848 [1991]). Prudenti, PJ., Altman, Smith and Crane, JJ., concur.