GLADYS HOMERE et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 55058.)

ANNA STILLMAN et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 55103.)

Third Department, July 10, 1975

---

*Louis J. Lefkowitz, Attorney-General (Jeremiah Jochnowitz* and *Ruth Kessler Toch* of counsel), for appellant.

*Ira J. Raab* for respondents.

MAIN, J. This is an appeal from judgments in favor of claimants, entered December 5, 1974, upon a decision of the Court of Claims solely on the issue of liability for injuries which claimants sustained as the result of attacks by a former Pilgrim State Hospital patient.

On the morning of March 20, 1972, the two female claimants herein were assaulted at the Aqueduct Station of the Independent Subway Line, Queens County, New York. The identity of their assailant is conceded to be Melvin Samuels, a man who had been released from the Pilgrim State Hospital earlier that same morning and whose past record included repeated incidents of assaultive behavior and numerous confinements in State psychiatric hospitals. Finding that Samuels had been negligently discharged from the hospital, the trial court held that the State was thereby rendered liable for claimants' injuries resulting from the attacks. It is this decision which is challenged on this appeal.

We find that the judgments of the trial court must be affirmed. Although it is well settled that the State is not responsible for an honest error of professional judgment made by qualified and competent doctors in its employ *(Williams v State of New York,* 30 AD2d 611; *St. George v State of New York,* 283 App Div 245, affd 308 NY 681), this rule does not constitute an inflexible grant of total immunity to the State in all situations. Indeed, in *St. George v State of New York (supra,* p 248), this court qualified its finding of no liability by saying that it would be unreasonable and unfair to hold the State responsible "unless there is something more present than is contained in this record".

Here, there is clearly "something more" which justifies the trial court's ruling in favor of claimants. In view of Samuels' past history, his treating psychiatrist, Dr. Chaudhary, termed

his case "somewhat unusual" and found it necessary to convene a commission of three doctors to approve his discharge when, ordinarily, one doctor would make this decision. The commission thereupon made an evaluation of the patient and decided that he could be discharged on February 7, 1972, and, as conceded by claimants' expert witness, Dr. Orenstein, had Samuels been released at that time and the subsequent attacks had occurred, no liability would have attached to the State because of the rule enunciated in *St. George v State of New York (supra)*. However, in this case, the patient's ultimate release was delayed some 41 days until housing had been arranged for him outside of the hospital. In the intervening period, incidents occurred which effectively negated the commission's decision of February 7. On February 23, Samuels became violent and smashed windows and was throwing things. This conduct necessitated his being restrained in a strait jacket which he refused to come out of the next day. On the following two days, he suffered seizures and became uncontrollable and help was needed to restrain him, and yet, in spite of all these occurrences, there was no re-evaluation of the patient's condition or suitability for release prior to his discharge on March 20.

In our opinion, these incidents plainly indicated a marked deterioration in the patient's condition which should have put the appropriate hospital authorities and the releasing doctor on notice that there had been a change for the worse in the patient's condition following the commission's recommendation for discharge. In such circumstances, while a re-evaluation by "a commission" was not necessarily mandated, certainly another medical judgment was required to determine the patient's fitness for release, and we hold that the State's failure to make any further evaluation of Samuels prior to his discharge constitutes negligence, which was the proximate cause of claimants' injuries in a manner completely foreseeable.

In conclusion and at the risk of some repetition, we would re-emphasize that we are in no way abrogating the rule enunciated in *St. George v State of New York (supra)*. We impose liability upon the State not for an erroneous medical judgment, but rather for its failure to make anything other than a purely administrative decision to release Samuels following the incidents of violence in February of 1972.

The judgments should be affirmed, with costs.

HERLIHY, P. J., GREENBLOTT, SWEENEY and LARKIN, JJ., concur.

Judgments affirmed, with costs.