■ FLORA A. SCHREMPF, as Executrix of ALBERT R. SCHREMPF, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 66390.) — Judgment affirmed, with costs. All concur, except Boomer, J., who dissents and votes to reverse, in the following memorandum.

Boomer, J. (dissenting). Joseph Evans, an outpatient at Hutchings Psychiatric Center, a State institution, fatally stabbed Albert R. Schrempf, and Schrempf's executrix brought this wrongful death claim against the State. After a trial, the court found that the State was negligent in the care and treatment of Evans and that the State's negligence was the proximate cause of Schrempf's death.

Evans had a long history of mental illness and violent behavior, which was detailed in his medical records at Hutchings Psychiatric Center. Shortly before the fatal stabbing, Evans was seen by a State psychiatrist, who became aware that Evans was

not taking his medication. The court found that, in view of Evans' propensity for violence, the psychiatrist was negligent in failing to take some action to guard against the risk presented, such as administering a drug that would have long-term effects, encouraging Evans to voluntarily admit himself as an inpatient, or taking steps to have him involuntarily committed. I respectfully dissent and vote to reverse the judgment in favor of claimant because I fail to see, in this case, any duty owing by the State to Schrempf.

A person has a duty to act to protect another from the acts of a third person when he has either a special relationship to the other person or such a relationship to the third person (Restatement, Torts 2d, § 315). The State had no special relationship to Schrempf and although it had a relationship to Evans, it did not have a relationship sufficient to give rise to an affirmative duty to protect others. The liability of a mental institution for the actions of its inmates is predicated upon the control it possesses over them. Thus, a mental institution may be liable to persons harmed by inmates committed to its care because of its negligence in discharging the inmates (see *Homere v State of New York,* 79 Misc 2d 972, affd 48 AD2d 422) or in failing to guard against their escape (see *Excelsior Ins. Co. v State of New York,* 296 NY 40). It has no continuing duty to exercise a parental role over discharged inmates (see *Cameron v State of New York,* 37 AD2d 46, 51, affd 30 NY2d 596).

An outpatient mental clinic, on the other hand, does not have any more control over its patients than a private clinic or a psychiatrist. Formerly, private psychiatrists owed a duty solely to their patients, not to members of the public. Recently, that duty has been extended by other States to require psychiatrists to warn persons endangered by the conduct of their patients (see *Tarasoff v Regents of Univ. of Cal.,* 17 Cal 3d 425). Generally, however, that duty runs only to those persons, threatened by the patients, who are "readily identifiable" (see *Tarasoff v Regents of Univ. of Cal., supra,* p 432; Note, Affirmative Duties in Tort Following *Tarasoff,* 58 St. Johns L Rev 492). Schrempf did not meet this criterion.

Although there is one appellate case to the contrary (see *Clark v State of New York,* 99 AD2d 616), I do not believe that New York law presently imposes liability upon either private institutions and psychiatrists or upon the State for failure to take steps to involuntarily commit mental patients. Such duty on the part of the State is analogous to the duty of a municipality to furnish police or fire protection. Absent a special relationship between

the municipality and the person harmed (see *Schuster v City of New York,* 5 NY2d 75), a municipality is not liable for negligent failure to arrest a potentially dangerous criminal (see *Evers v Westerberg,* 38 AD2d 751, affd 32 NY2d 684), or to put out a fire (see *Motyka v City of Amsterdam,* 15 NY2d 134; *Steitz v City of Beacon,* 295 NY 51). (Appeal from judgment of Court of Claims, Lowery, J. — negligence.) Present — Hancock, Jr., J. P., Doerr, Boomer, Green and O'Donnell, JJ.