■ DIANE S. DAVITT, Appellant, v STATE OF NEW YORK, Respondent.—In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (McCabe, J.), dated February 11, 1988, which, after a nonjury trial, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

According to the testimony adduced at trial, on March 12, 1981, the claimant was admitted to the State-operated Middletown Psychiatric Center, on an involuntary basis, suffering from depression and having inflicted damage upon herself by pummelling her eyes. Two months later, after treatment, her status was changed to that of a voluntary patient. For the next few months, the claimant received numerous day passes to visit friends and family and, although there is some evidence of further episodes of self-abuse, she appeared to be steadily improving. On August 6, 1981, the center's Release Committee, composed of three psychiatrists, met with the claimant and concluded that she should be given extended home leave in preparation for discharge. The decision as to whether or not the claimant would ultimately be discharged was left to the team treating her, which consisted of a resident psychiatrist (Dr. Glass), a supervising psychiatrist (Dr. Amador LaPut), and a social worker (Richard Brondsky).

On August 12, 1981, the claimant's mother called Brondsky and told him that the claimant was refusing to return to the center. Brondsky thereupon visited the claimant at home, and arranged an out-patient clinic appointment for her for the following day. During the course of the home visit, Brondsky noticed that the claimant's eye was swollen. The claimant admitted that she had caused the injury to herself five days earlier, after an argument with her girlfriend, but stated that she had not touched her eyes since then. After Brondsky met with Dr. LaPut, it was determined that the claimant should be formally discharged. The following day the claimant was seen at Middletown Outpatient Clinic. On August 19, 1981, one day before her next appointment at the clinic, the claimant gouged out her right eye and attempted to do the same to her left eye. The injuries have left the claimant totally and permanently blind, and it is for these injuries that she seeks to recover damages.

At the conclusion of all the testimony, the trial court granted the defendant's motion to dismiss the claim. It is from this judgment that the claimant appeals. We affirm.

"It is well established that doctors or a governmental subdivision of the State that employs them cannot be held responsible for damages resulting from the actions of a psychiatric patient who has been released when the patient's release is a matter of professional judgment (see, *Schrempf v State of New York*, 66 NY2d 289, 296-297; *St. George v State of New York*, 283 App Div 245, 248, *affd* 308 NY 681 * * * *Krapivka v Maimonides Med. Center*, 119 AD2d 801, 802; *Wilson v State*

*of New York,* 112 AD2d 366, 367). In order for liability to ensue, it must be shown that the decision to release the patient was 'something less than a professional medical determination' *(Bell v New York City Health & Hosps. Corp.,* 90 AD2d 270, 282; *see also, McDonnell v County of Nassau,* 140 AD2d 500, *lv denied* 72 NY2d 807)" *(Mohan v Westchester County Med. Center,* 145 AD2d 474, 475). The claimant has failed to meet that burden. Dr. LaPut possessed sufficient information, including his knowledge of the claimant's case and the claimant's social worker's evaluation after visiting the claimant at home, to make an informed determination as to the claimant's discharge without first personally reevaluating her *(cf., Homere v State of New York,* 48 AD2d 422). Moreover, even if we were to assume that Brondsky had failed to relate to Dr. LaPut the self-abuse incident that occurred during the claimant's extended home visit, under the circumstances that failure did not foreclose Dr. LaPut from making an independent, professional medical determination *(cf., Huntley v State of New York,* 62 NY2d 134). Thus, the trial court properly dismissed the claim. Mollen, P. J., Brown, Eiber and Rosenblatt, JJ., concur.