■ LAURA DARREN, Individually and as Administratrix of the Estate of PAUL DARREN, Deceased, Respondent, v S. SAFIER et al., Appellants. [615 NYS2d 926] —In an action to recover damages for medical malpractice, etc., the defendant Stanley Safier and the defendants Harvey D. Goodson and the Brookdale Hospital Medical Center separately appeal from an order of the Supreme Court, Kings County (Clemente, J.), dated December 21, 1992, which denied their respective motions for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motions for summary judgment are granted, and the complaint is dismissed.

Based on the record before us, we conclude that the defendants have demonstrated their entitlement to summary judgment as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557, 560-562). The defendants' motions were supported by medical affidavits, deposition testimony of the parties and the relevant medical records.

In contrast, the plaintiff's opposition was insufficient to demonstrate the existence of triable issues of fact. The conclusory assertions made by the plaintiff's expert regarding the premature release of the plaintiff's decedent, Paul Darren, without performing a full and proper psychiatric evaluation, and the failure to undertake appropriate measures following Mr. Darren's discharge, have no basis in the record. Mr.

Darren was admitted by Dr. Harvey Goodson, a gastroenterologist, to the Brookdale Hospital Medical Center on April 17, 1986, with a diagnosis of recurrent Crohn's ileocolitis. On April 18, 1986, having been told by members of the house staff that the patient appeared depressed and had mentioned suicide, Dr. Goodson referred Mr. Darren to Dr. Stanley Safier, a psychiatrist, while continuing to care for the patient's gastrointestinal problems.

On April 19, 1986, Dr. Safier met with Mr. Darren and performed a detailed psychiatric evaluation. Dr. Safier performed three additional psychiatric evaluations on April 21, 22, and 28, 1986. On the basis of the four psychiatric examinations, and based on consultations with Dr. Goodson and the resident physician at the hospital, both of whom opined that the patient had improved emotionally, Dr. Safier concluded that Mr. Darren was not suicidal, and that outpatient treatment was indicated. Mr. Darren was discharged on April 29.

On May 30, 1986, Mr. Darren committed suicide. During the one-month period between his discharge from the hospital and his suicide, Dr. Safier referred Mr. Darren to several outpatient clinics and Dr. Goodson physically examined Mr. Darren, spoke with him on the telephone, and prescribed medication. Mr. Darren expressed no desire to injure or kill himself during this period.

For liability to ensue, it must be shown that the decision to release a psychiatric patient was " ' "something less than a professional medical determination" ' " *(Davitt v State of New York,* 157 AD2d 703; *Mohan v Westchester County Med. Ctr.,* 145 AD2d 474). In this case, there is no evidence that Dr. Safier's decision to release Mr. Darren was something less than a professional medical determination. Although the plaintiff's expert may have disagreed with Dr. Safier's conclusions and may have felt that additional treatment was warranted, he did not suggest that the evaluations described by Dr. Safier had not taken place. This disagreement represents, at most, a difference of opinion among physicians, which is not sufficient to sustain a prima facie case of malpractice *(see, Topel v Long Is. Jewish Med. Ctr.,* 55 NY2d 682, 684; *Mohan v Westchester County Med. Ctr., supra,* at 474; *Krapivka v Maimonides Med. Ctr.,* 119 AD2d 801). Even if Dr. Safier had made an error of judgment, that is not a basis for the imposition of liability *(see, Schrempf v State of New York,* 66 NY2d 289, 296-297; *Davitt v State of New York, supra; Bell v New York City Health & Hosps. Corp.,* 90 AD2d 270).

Similarly, there is no basis in the record to support the

plaintiff's conclusory assertions that Dr. Goodson departed from the standards of good and acceptable medical practice. Significantly, there is no allegation that Dr. Goodson departed from those standards of care applicable to a gastroenterologist. Dr. Goodson is not subject to liability for any alleged failure to exercise the degree of skill and care expected of a specialist in psychiatry (see, Toth v Community Hosp., 22 NY2d 255; Bernard v Block, 176 AD2d 843, 846).

Moreover, the plaintiff has not established that Brookdale Hospital's alleged failure to follow its psychiatric guidelines for suicidal patients was the proximate cause of the patient's suicide one month following his discharge from the hospital.

The plaintiff's remaining contentions are without merit. Ritter, J. P., Pizzuto, Santucci and Altman, JJ., concur.