■ MEIR IBGUY, Respondent, v STATE OF NEW YORK, Appellant. [690 NYS2d 604] —In a claim to recover damages for conscious pain and suffering and wrongful death based upon medical malpractice, the defendant appeals from an interlocutory judgment of the Court of Claims (Nadel, J.), dated April 29, 1998, which is in favor of the plaintiff and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law, without costs or disbursements, and the claim is dismissed.

It is well settled that neither a medical provider, in this case a psychotherapist, nor the State or governmental subdivisions employing the medical provider, may be held liable for a mere error in professional judgment (*see, Darren v Safier,* 207 AD2d 473; *Davitt v State of New York,* 157 AD2d 703; *Mohan v Westchester County Med. Ctr.,* 145 AD2d 474; *Wilson v State of New York,* 112 AD2d 366). For liability to ensue, it must be shown that the medical provider's treatment decision was " ' " 'something less than a professional medical determination' " ' " (*Darren v Safier, supra,* at 474; *Davitt v State of New York, supra*). In this case, Dr. Frederick's decision on the evening of January 2, 1989, to allow the decedent to voluntarily enter the hospital the next morning was a professional medical determination. The mere fact that the claimant's expert would have opted for a different treatment, without more, "represents, at most, a difference of opinion among [medical providers], which is not sufficient to sustain a prima facie case of malpractice" (*Darren v Safier, supra,* at 474; *see also, Topel v Long Is. Jewish Med. Ctr.,* 55 NY2d 682; *Krapivka v Maimonides Med. Ctr.,* 119 AD2d 801). Thompson, J. P., Sullivan, Joy and Schmidt, JJ., concur.