■ JULIA DAVIS, Respondent, v PANKAJ PATEL et al., Appellants, et al., Defendants. [731 NYS2d 204] —In an action, *inter alia*, to recover damages for medical malpractice, the defendants Pankaj Patel and Syng Yong Kwak appeal from an order of the Supreme Court, Richmond County (Rosenberg, J.), dated December 1, 2000, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

In April 1989 the plaintiff's decedent, who was 47 years old and had a history of psychiatric hospitalizations, was admitted to the psychiatric unit of the defendant Bayley Seton Hospital (hereinafter the hospital). During the course of his admission, he was treated by the appellants, who were attending staff psychiatrists at the hospital. The plaintiff's decedent was diagnosed as suffering from chronic schizophrenia with acute

exacerbation, and was placed on medication. On May 3, 1989, the plaintiff's decedent allegedly either fell or leaped from the window of his room on the third floor and sustained personal injuries. He later died from unrelated causes.

The respondent contends that the appellants departed from good and accepted medical practice in their treatment of the plaintiff's decedent and that such departure was the proximate cause of his injuries. The Supreme Court denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them, holding that there were issues of fact requiring a trial. We reverse.

It is well settled that a physician may not be held liable for a mere error in professional judgment (*see, Weinreb v Rice,* 266 AD2d 454; *Ibguy v State of New York,* 261 AD2d 510). For liability to attach, it must be demonstrated that the physician's treatment decisions were "something less than a professional medical determination" (*Ibguy v State of New York, supra,* at 510).

The appellants demonstrated their prima facie entitlement to judgment as a matter of law. In opposition, the respondent failed to raise a triable issue of fact as to whether the appellants' treatment regimen of the plaintiff's decedent was something less than a professional medical determination or was not based on a careful examination and evaluation of his condition (*see, Bell v New York City Health & Hosps. Corp.,* 90 AD2d 270; *Zuckerman v City of New York,* 49 NY2d 557). The affirmation of the plaintiff's expert, who opined that the appellants departed from good and accepted medical practice, was conclusory and unsupported by the record (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320), and simply represented a difference in opinion on how the treatment of the plaintiff's decedent should have been rendered. Such a difference of opinion, without more, is insufficient to sustain a prima facie case of malpractice (*see, Weinreb v Rice, supra; Ibguy v State of New York, supra*).

Accordingly, the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them should have been granted. Santucci, J. P., Florio, H. Miller and Townes, JJ., concur.