■ SUSAN ECKMAN, Appellant, v ANTHONY CIPOLLA et al., Respondents, et al., Defendant. [910 NYS2d 446]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated May 19, 2009, as granted the motion of the defendant Anthony Cipolla which was for summary judgment dismissing the complaint insofar as asserted against him and granted that branch of the motion of the defendants City of New York, New York City Fire Department, and Gerard J. Moriarty, which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In this medical malpractice action, the plaintiff, Susan Eckman, seeks to recover damages for the alleged wrongful death and pain and suffering of her late husband, the decedent James M. Manganaro III (hereinafter the decedent). The decedent died on December 8, 2004, by a self-inflicted gunshot wound to the head. Prior to that, he had been treated for, inter alia, anxiety and depression, with medication prescribed by his primary physician, the defendant Anthony Cipolla. He also was receiving counseling therapy from a social worker, the defendant Gerald J. Moriarty, through his employers' benefit program (the decedent was a firefighter for the defendant New York City Fire Department). Generally, among other things, the plaintiff claims that Cipolla failed to monitor the decedent while prescribing psychotropic medications, and that Moriarty failed to perform a complete assessment of the decedent's mental status, particularly on the two days he expressed suicidal ideation, August 22, 2004, and December 7, 2004.

Cipolla, Moriarty, the defendant City of New York, and the defendant New York City Fire Department (the latter two hereinafter together the City defendants), demonstrated their prima facie entitlement to judgment as a matter of law with the submission of medical and clinical social work expert affirma-

tions, the parties' deposition testimony, and the relevant medical records. Cipolla, the physician who medically treated the decedent for various mental health issues such as depression and anxiety prior to the decedent's suicide, established the absence of any departure from good and accepted medical practice and, in any event, that any departure was not a proximate cause of the plaintiff's injuries (*see Keevan v Rifkin*, 41 AD3d 661, 662 [2007]; *Williams v Sahay*, 12 AD3d 366, 368 [2004]). Moriarty, the certified social worker who counseled the decedent prior to his suicide, established, inter alia, that his course of treatment of the decedent, particularly his assessment that the decedent was not in danger of harming himself or others during the two instances at issue here when the decedent expressed suicidal ideation, was made after a careful evaluation and was not "something less than a professional" judgment, such that liability would ensue (*Bell v New York City Health & Hosps. Corp.*, 90 AD2d 270, 282 [1982]; *see Betty v City of New York*, 65 AD3d 507 [2009]; *Weinreb v Rice*, 266 AD2d 454 [1999]; *Ibguy v State of New York*, 261 AD2d 510 [1999]; *Darren v Safier*, 207 AD2d 473 [1994]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Bell v New York City Health & Hosps. Corp.*, 90 AD2d 270, 281 [1982]). The affidavit of the plaintiff's expert, who opined, inter alia, that Cipolla and Moriarty departed from good and accepted medical practice pertaining to mental health care providers, was conclusory, speculative, and unsupported by the record (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]) and, therefore, failed to raise a triable issue of fact (*see Darren v Safier*, 207 AD2d 473 [1994]; *Mohan v Westchester County Med. Ctr.*, 145 AD2d 474, 475 [1988]).

Accordingly, the Supreme Court properly granted Cipolla's motion for summary judgment dismissing the complaint insofar as asserted against him, and that branch of the motion by Moriarty and his employers, the City defendants, which was for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Dickerson, Eng and Austin, JJ., concur.