(March 29, 2011)

■ JANET ANDREONI, Respondent, v JEFFREY RICHMOND, M.D., et al., Appellants. [920 NYS2d 225]—

The plaintiff alleges that the defendant Jeffrey Richmond, an orthopedic surgeon, negligently treated a fracture of her femur, resulting in a worsening of the condition and the need for a hip replacement. She commenced this action against Richmond and his practice, the defendant Orthopaedic Associates of Manhasset, P.C. In the order appealed from, the Supreme Court, inter alia, denied the defendants' motion for summary judgment dismissing the complaint. We reverse the order insofar as appealed from.

The defendants established their prima facie entitlement to judgment as a matter of law by submitting deposition testimony, medical records, and an expert affidavit which demonstrated that the defendants' treatment of the plaintiff's femur fracture was within acceptable standards of medical practice and that, even if such treatment was not acceptable, the alleged departures did not proximately cause the plaintiff's injuries (*see Pichardo v Herrera-Acevedo*, 77 AD3d 641, 641-642 [2010]; *Keevan v Rifkin*, 41 AD3d 661, 662 [2007]; *Furey v Kraft*, 27

AD3d 416, 418 [2006]). The defendants' submissions established, inter alia, that the plaintiff had a fracture that did not heal, and would not have healed without another surgery, due to the nature and location of the fracture, rather than to any of the defendants' alleged departures.

The plaintiff's expert affidavit submitted in opposition to the motion was insufficient to raise a triable issue of fact as to whether the defendants' alleged departures proximately caused the plaintiff's injuries. The plaintiff's expert affidavit was conclusory on the issue of proximate cause and failed to address the detailed explanations of the defendants' expert as to why the alleged departures could not have caused the plaintiff's injuries (*see Rebozo v Wilen*, 41 AD3d 457, 459 [2007]; *DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; *Kaplan v Hamilton Med. Assoc.*, 262 AD2d 609, 610 [1999]; *Dixon v Freuman*, 175 AD2d 910, 911 [1991]; *see also Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 800, 802 [2008]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Skelos, Leventhal and Roman, JJ., concur.