■ LORRAINE MUTH, Respondent, v WALI MOHAMMAD, M.D., P.C., et al., Defendants, and HOWARD M. ROMBOM, Ph.D., P.C., Appellant. [17 NYS3d 295]—

Order, Supreme Court, Bronx County (Stanley Green, J.),

entered September 22, 2014, which denied the motion of defendant Howard M. Rombom, Ph.D., P.C. (Rombom P.C.) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Rombom P.C.'s staff psychologist, nonparty Nicholas Radcliffe, Ph.D., examined and evaluated plaintiff's decedent on three separate occasions in January 2008, for a Workers' Compensation examination and evaluation. Decedent was seeking an evaluation linking his depressive disorder to an injury he had sustained six years earlier, in order to have benefits reinstated. On February 22, 2008, three weeks after his last visit to Dr. Radcliffe, decedent committed suicide by shooting himself with a shotgun.

Although a psychologist-patient relationship existed between decedent and Dr. Radcliffe (*see e.g. Bazakos v Lewis*, 12 NY3d 631, 634 [2009]; *Lee v City of New York*, 162 AD2d 34, 36 [1st Dept 1990], *lv denied* 78 NY2d 863 [1991]), Ronbom P.C. is not liable to plaintiff, since Dr. Radcliffe exercised his professional medical judgment in his examination and evaluation of decedent, including his determination whether to inquire about decedent's access to firearms (*see Park v Kovachevich*, 116 AD3d 182, 190-191 [1st Dept 2014], *lv denied* 23 NY3d 906 [2014]; *see also Schrempf v State of New York*, 66 NY2d 289, 295 [1985]). Furthermore, the choices Dr. Radcliffe made were not a proximate cause of decedent's suicide, an event which occurred three weeks after he last visited with Radcliffe (*see Eckman v Cipolla*, 77 AD3d 704 [2d Dept 2010]). Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Gische, JJ. ■