■ MIATA GATTLING, an Infant, by Her Mother and Natural Guardian, BRIDGET GATTLING, et al., Respondents, v SISTERS OF CHARITY MEDICAL CENTER et al., Appellants, et al., Defendant. [53 NYS3d 665]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Saint Vincent's Catholic Medical Centers of New York, sued herein as Sisters of Charity Medical Center and St. Vincent's Medical Center of Richmond, appeals from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated December 22, 2009, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendants Chitra Perera and Staten Island Medical Group separately appeal from so much of the same order as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants Chitra Perera and Staten Island Medical Group which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against Chitra Perera, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying that branch of the motion of the defendants Chitra Perera and Staten Island Medical Group which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against Staten Island Medical Group to the extent that liability is predicated upon claims of medical malpractice committed by Chitra Perera, and substituting therefor a provision granting that branch of the motion, and (3) by deleting the provision thereof denying the motion of the defendant Saint Vincent's Catholic Medical Centers of New York, sued herein as Sisters of Charity Medical Center and St. Vincent's Medical Center of Richmond, for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision granting the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the appellants appearing separately and filing separate briefs.

The plaintiff mother commenced this medical malpractice action, individually and on behalf of the infant plaintiff, against her private attending physicians, the defendants Mario Cordaro and Chitra Perera, and the defendants Staten Island

Medical Group (hereinafter SIMG), of which Drs. Cordaro and Perera are members, and Saint Vincent's Catholic Medical Centers of New York, sued herein as Sisters of Charity Medical Center and St. Vincent's Medical Center of Richmond (hereinafter St. Vincent's), where the infant was delivered. During the delivery, shoulder dystocia was encountered, and Perera, with the aid of St. Vincent's hospital staff, completed a series of obstetrical maneuvers to dislodge the infant's shoulder, resulting in her delivery. The plaintiffs allege that, due to the defendants' negligence in the mother's prenatal care and during labor and delivery, the infant was caused to suffer a brachial plexus injury/Erb's palsy. The plaintiffs further allege that the defendants failed to obtain the mother's informed consent for the care and treatment rendered.

Perera and SIMG moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and St. Vincent's separately moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied both motions.

"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (*DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; *see Hayden v Gordon*, 91 AD3d 819, 820 [2012]; *Guzzi v Gewirtz*, 82 AD3d 838 [2011]). On a motion for summary judgment, a defendant physician "must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Stukas v Streiter*, 83 AD3d 18, 24 [2011]; *see Gillespie v New York Hosp. Queens*, 96 AD3d 901 [2012]; *Healy v Damus*, 88 AD3d 848, 849 [2011]; *Heller v Weinberg*, 77 AD3d 622, 622-623 [2010]). "In order to sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's [complaint and] bill of particulars" (*Wall v Flushing Hosp. Med. Ctr.*, 78 AD3d 1043, 1045 [2010]; *see Grant v Hudson Val. Hosp. Ctr.*, 55 AD3d 874 [2008]; *Terranova v Finklea*, 45 AD3d 572 [2007]; *Ticali v Locascio*, 24 AD3d 430, 431 [2005]). Once a defendant has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), but only as to those elements on which the defendant met the prima facie burden (*see Gillespie v New York Hosp. Queens*, 96 AD3d 901 [2012]; *Garrett v University Assoc. in Obstetrics & Gynecology, P.C.*, 95 AD3d 823, 825 [2012]; *Stukas v Streiter*, 83 AD3d at 23-24).

Here, Perera made a prima facie showing of her entitlement to judgment as a matter of law by submitting her deposition testimony, the plaintiffs' medical records, and an expert affirmation establishing that the mother's informed consent was properly obtained, that Perera properly exercised her professional judgment in electing to proceed with a vaginal delivery based upon the information known to her at that time and did not depart from good and accepted standards of medical practice in her care and treatment of the mother, and that, in any event, none of Perera's alleged departures were a proximate cause of the infant's injuries (*see Nestorowich v Ricotta*, 97 NY2d 393, 398 [2002]; *Bendel v Rajpal*, 101 AD3d 662 [2012]; *Thomas v Reddy*, 86 AD3d 602 [2011]).

In opposition, the plaintiffs' expert failed to raise a triable issue of fact as to whether the mother's informed consent was obtained or whether Perera properly exercised her professional judgment in electing to pursue a vaginal delivery in light of the increased risks of performing a cesarean section on the mother, who was morbidly obese and diabetic, including, but not limited to, the risks of maternal death, infection, and pulmonary embolism (*see generally Eckman v Cipolla*, 77 AD3d 704 [2010]). Furthermore, the plaintiffs' expert failed to raise a triable issue of fact as to whether the care and treatment rendered by Perera proximately caused the infant's injuries (*see Andreoni v Richmond*, 82 AD3d 1139 [2011]).

Accordingly, the Supreme Court should have granted that branch of the motion of Perera and SIMG which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against Perera. In addition, the Supreme Court should have granted that branch of the motion of Perera and SIMG which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against SIMG to the extent that liability is predicated on claims of medical malpractice committed by Perera.

St. Vincent's made a prima facie showing of its entitlement of judgment as a matter of law by submitting deposition testimony, the plaintiffs' medical records, and an expert affirmation establishing that its employees properly followed the orders and directives of the mother's private attending physicians. "In general, a hospital may not be held vicariously liable for the malpractice of a private attending physician who is not an employee" (*Toth v Bloshinsky*, 39 AD3d 848, 850 [2007]; *see Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]; *Diller v Munzer*, 141 AD3d 628, 629 [2016]; *Muslim v Horizon Med. Group, P.C.*, 118 AD3d 681, 683 [2014]; *Corletta v Fischer*, 101 AD3d 929,

930 [2012]). A hospital may not be held liable for injuries sustained by a patient who is under the care of a private attending physician chosen by the patient where the resident physicians and nurses employed by the hospital merely carry out the orders of the private attending physician, unless the hospital staff commits "independent acts of negligence or the attending physician's orders are contraindicated by normal practice" (*Tomeo v Beccia*, 127 AD3d 1071, 1073 [2015] [internal quotation marks omitted]; *see Cham v St. Mary's Hosp. of Brooklyn*, 72 AD3d 1003, 1004 [2010]; *Cerny v Williams*, 32 AD3d 881, 883 [2006]). St. Vincent's expert affirmation established that its employees did not commit any independent acts of negligence, that the attending physician's orders were not contraindicated by normal practice, and that, in any event, any alleged departures were not a proximate cause of the infant's injuries.

In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Martinez v La Porta*, 50 AD3d 976 [2008]; *Cook v Reisner*, 295 AD2d 466 [2002]; *Filippone v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 253 AD2d 616 [1998]).

Accordingly, the Supreme Court should have granted St. Vincent's motion for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Roman, Cohen and Miller, JJ., concur.