Coller v Habib (2020 NY Slip Op 03765)





Coller v Habib


2020 NY Slip Op 03765


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-05982
 (Index No. 150893/17)

[*1]Cathy Coller, respondent,
v
Henry Habib, etc., et al., appellants.


Helwig, Henderson, Gray & Spinola, LLP, Syosset, NY (Deborah Gray and Pamela M. Gleit of counsel), for appellants.
Borrell & Riso, LLP, Staten Island, NY (John Riso of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for podiatric malpractice, the defendants appeal from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated March 7, 2019. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action sounding in podiatric malpractice, alleging that she sustained an injury to a nerve in her left foot during a June 5, 2015, plantar fasciotomy. The plaintiff alleged that, in the days immediately after the surgery, she began experiencing numbness in the fifth digit of her left foot, which has persisted, resulting in pain and difficulty walking. The defendants, Henry Habib and his employer, Advantage Care Physicians, moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. The defendants appeal.
We agree with the Supreme Court's determination to deny the defendants' motion for summary judgment dismissing the complaint. "In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23). Thus, in moving for summary judgment, a physician defendant must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby (see id. at 24). Once this showing has been made, the burden shifts to the plaintiff to rebut the defendant's prima facie showing with evidentiary facts or materials so as to demonstrate the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Stukas v Streiter, 83 AD3d at 30).
Contrary to the defendants' contention, their experts' affirmations failed to establish, prima facie, that the plaintiff did not sustain an injury to a nerve in her foot as a result of the June 5, 2015, surgery. Neither of the defendant's experts pointed to any affirmative proof that the plaintiff did not sustain an injury to her lateral medial nerve. Since the defendants failed to meet their prima facie burden for summary judgment, we agree with the Supreme Court's determination to deny their [*2]motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contention is without merit.
DILLON, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court